IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERMUTHIS LEE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-3491 |
| | : | |
| HUD, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**JONES, J.**                                                                                                   **JANUARY 28, 2021**

      This matter comes before the Court by way of a Complaint (ECF No. 2), brought by Plaintiff Thermuthis Lee, proceeding *pro se*. Also before the Court is Lee's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and her Motion to Join Additional Defendants (ECF No. 4). Because it appears that Lee is unable to afford to pay the filing fee, the Court will grant her leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Lee's Motion to Join Additional Defendants will be denied.

**I.**       **FACTUAL ALLEGTIONS[1]**

      Although the Complaint in this matter was filed in 2020, the allegations of the Complaint arise from a series of incidents between Lee and her neighbors that began in approximately 2009 or 2010, which have previously been litigated in federal court. By way of background, in 2017, the Third Circuit Court of Appeals described a prior suit Lee filed against several employees of the Philadelphia Housing Authority and her "nuisance" neighbors as follows:

---

[1] The facts set forth in this Memorandum are taken from Lee's Complaint and all the documents and exhibits attached thereto.

> In 2016, Lee filed a 36-count amended complaint in the Philadelphia Court of Common Pleas against Philadelphia Housing Authority (PHA) Manager Leonard Petrolichio, PHA Attorney Andrew Kenis, and Jeanette Tomlin and Khalil Smith – Lee's neighbors – claiming that Petrolichio "forced [her] out of public housing" in late 2009 after she had "endur[ed] years of malicious stalking and harassment" by Tomlin and Smith. The gist of her complaint is that Petrolichio and the PHA failed to evict these "nuisance" tenants, and also "interfered" in private criminal complaints she had filed against Tomlin and Smith, resulting in their acquittals on charges of harassment.

*Lee v. Petrolichio*, 697 F. App'x 112, 113 (3d Cir. 2017).  The Third Circuit went on to explain that "Lee filed private criminal complaints against Tomlin (at MC-51-CR-9000036-2011) and Smith (at MC-51-CR-9000341-2010) in Philadelphia Municipal Court, and both were found not guilty of harassment following a July 2011 bench trial.  Lee's claim that Petrolichio 'interfered' in the criminal cases appears to be based on his failure to testify that Smith or Tomlin (or both) had previously harassed her."  *Id.* at 113, n.1.  Ultimately, the district court "dismissed [Lee's] complaint with prejudice" on the basis that her claims were time-barred and that she failed to allege the necessary state action to support her claims under 28 U.S.C. § 1983.  *Id.* at 113.

On appeal, the Third Circuit noted that Lee "predicate[d] her § 1983 claim on the failure of Petrolichio and the PHA to act on her complaints and evict nuisance tenants, allegedly in violation of PHA procedures."  *Id.*  The Third Circuit construed Lee's complaint as asserting "some sort of due-process claim" but concluded that she had "not plausibly done so based on the facts in her complaint."  *Id.*  (citing *Reese v. Kennedy*, 865 F.2d 186, 187 (8th Cir. 1989) (affirming district court's dismissal of complaint alleging that state officials "did not follow existing eviction procedures," and recognizing that "a due process deprivation does not occur because of an unauthorized failure of state officials to follow established state procedures").)

With this background in mind, the Court now turns to the allegations of Lee's Complaint (ECF No. 2) filed in this action.  Lee names HUD, which the Court understands to refer to the

2

United States Department of Housing and Urban Development, as a Defendant in this action, as well as three individuals that appear to be HUD employees: Lynn Cox, Monica Hawkins, and Judith Axler. (*Id.* at 2-3.)[2] Although Lee repeatedly refers to the Philadelphia Housing Authority ("PHA") in her Complaint, she did not name the PHA as a Defendant in the Complaint. Instead, she subsequently filed a Motion (ECF No. 4) requesting that the Court join the PHA as a Defendant.

As set forth in the Complaint, Lee and her two sons reside at 4330 North Carlisle Street in Philadelphia, Pennsylvania. (ECF No. 2 at 3.) Lee alleges that the individuals living in the neighboring unit at 4332 North Carlisle, which Lee refers to as a "PHA nuisance unit[,]" have failed to adhere to their "lease occupancy agreements" with the PHA for the last ten years by failing to maintain their unit, keeping animals on the property, and using drugs. (*Id.*) Lee claims "[t]his has been ongoing since 2010 for 9 years" and that she has made complaints to the PHA "against the inappropriate actions of the nuisances living in [that] unit" during that time. (*Id.*) Lee alleges that the most recent "incidents" occurred in July of 2018 and in November of 2019, and she further contends that she "filed a complaint to HUD on Sept. 4th 2019." (*Id.*)

While Lee's Complaint is a bit disjointed and difficult to follow, it appears that the essence of her allegations can be summarized as follows: Over a period of several years, beginning in approximately 2009 or 2010, Lee has observed a number of alleged PHA housing violations by her neighbors at 4332 North Carlisle Street and has also had several interactions with her neighbors that she categorizes as incidents of stalking, harassment, and even an assault. (*Id.* at 2-3, 9-11.) As a result of these circumstances, Lee appears to have filed numerous complaints with the PHA about her neighbors. (*Id.*) According to Lee, the PHA has investigated

---

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

her complaints but these investigations have resulted in determinations by the PHA that her complaints could not be substantiated.  (*Id.* at 2, 4, 9.)

At some point, it appears that Lee, having been unsuccessful in obtaining a resolution from the PHA (including the eviction or removal of her neighbors), started complaining to HUD about the PHA itself and its alleged failures to conduct fair investigations and substantiate her claims.  (*Id.* at 2, 4, 9, 11.)  The Court understands the core of Lee's Complaint in this action to be directed at HUD's alleged failure to intervene on Lee's behalf and exert control over the actions of the PHA, and it appears that the Complaint in this case represents an attempt by Lee to recharacterize her previously dismissed claims against the PHA and its employees by now shifting blame for the PHA's actions to HUD.  (*Id.* at 3-4, 10) (*see e.g., id.* at 10) ("HUD continues to enable [the] PHA to continue to commit criminal and retaliatory conduct against me.  For 8 years HUD failed to investigate the criminal wrongdoings against me by [the] PHA. . . . I claim that HUD was negligent for allowing [the] PHA to conceal that my health and peace were interfered with and HUD did not take any adverse actions against [the] PHA for causing me unbearable and undue physical, mental and emotional hardships and the quality of life fit for an animal.").[3]

Lee contends that these circumstances over many years have caused her stress and aggravated her existing health conditions resulting in the need for medication for hypertension

---

[3] (*See also* ECF No. 2 at 9) ("PHA continued to deny as well as fail to substantiate their own fraudulent conduct regarding my complaints that were all true for 9 years because of the failure by HUD to call for an outside entity to investigate the fraudulent and criminal actions by [the] PHA. . . . HUD was negligent and failed to do thereby accepting false statements by [the] PHA which seriously interfered and aggravated my health as I affirm [the] PHA never filed any complaint with the court to evict the nuisances because the court informed me that no case is on record.  Yet HUD again negligently accepted the false statements by [the] PHA to the detriment and harm of my health.")

4

and her heart, and jeopardizing her ability to receive an organ transplant. (*Id.* at 4.) She seeks "1 million dollars for every year since 2010" and also seeks for the Court to award her "with possession and title to 4332 N[orth] Carlisle St." (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Lee leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Courts to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Lee is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Lee's Complaint is not a model of clarity. Although she checked off the box asserting that the Court has jurisdiction over this matter on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, Lee does not cite or refer to a single federal statute in her Complaint. It appears to the Court that her Complaint is actually a recharacterization of her prior unsuccessful § 1983 due process claims against the PHA and its employees, *see Lee*, 697 F. App'x at 113, but this time Lee names their federal counterparts, HUD and its employees, as

Defendants instead and complains that these federal Defendants did not properly address her complaints about the PHA's alleged failure to substantiate her claims against her neighbors.

To the extent Lee is again seeking to bring some sort of due process claims pursuant to 42 U.S.C. § 1983, Lee's Complaint fails to state a plausible claim for relief.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  With respect to HUD, a federal agency is not a "person" for purposes of § 1983.  *See Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3d Cir.1998); *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir.1970) (holding that "[t]he United States and other governmental entities are not 'persons' within the meaning of Section 1983") (alteration in original); *see also Mattox v. United States of Am., Inc.*, Civ. A. No. 19-2155, 2019 WL 4454522, at *4 (W.D. Tenn. Aug. 26, 2019), *report and recommendation adopted by*, 2019 WL 4453706 (W.D. Tenn. Sept. 17, 2019) (citing *Habtemariam v. Adrian*, Civ. A. No. 98-3112, 1999 WL 455326, at *2 (6th Cir. June 23, 1999)) (dismissing a § 1983 claim against HUD because "HUD is a federal agency, and not a person acting under color of state law").  Additionally, because § 1983 provides a remedy for violations of federal law by persons acting pursuant to *state* law, "federal agencies and officers are facially exempt from Section 1983 liability inasmuch as in the normal course of events they act pursuant to federal law." *Hindes* 137 F.3d at 158 (citing *District of Columbia v. Carter,* 409 U.S. 418, 425 (1973)). Accordingly, Lee's § 1983 claims against HUD and the three HUD employees named here fail to state a plausible claim for relief because HUD, as a federal agency, is not a "person" for purposes of § 1983, and because HUD and its employees are exempt from liability under § 1983

because they were acting pursuant to federal law.  Lee's § 1983 claims against HUD and its employees will be dismissed with prejudice as amendment would be futile.

Construing Lee's Complaint liberally, Lee's Complaint could be read as attempting to allege a constitutional claim against these federal Defendants under the federal analogue to § 1983 liability.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971) (holding that a remedy is available for a federal agent's violation of a citizen's Fourth Amendment right to be free from warrantless searches and seizures); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (stating that the "purpose of *Bivens* is to deter individual federal officers from committing constitutional violations" by subjecting them to personal liability).  However, the availability of *Bivens* as a cause of action is limited and no prior decision appears to have sanctioned a claim under *Bivens* similar to the one Lee seeks to bring, as "the Supreme Court has plainly counseled against creating new *Bivens* causes of action."  *Vanderklok v. United States*, 868 F.3d 189, 199 n.8 (3d Cir. 2017) (citing *Minneci v. Pollard*, 565 U.S. 118 (2012) (refusing to extend Eighth Amendment *Bivens* action to individuals working at a private prison); *FDIC v. Meyer*, 510 U.S. 471 (1994) (refusing to extend *Bivens* claim to federal agency defendant); *Schweiker v. Chilicky*, 487 U.S. 412 (1988) (refusing to extend *Bivens* to case involving wrongful denials of disability benefits); *United States v. Stanley*, 483 U.S. 669 (1987) (refusing to extend *Bivens* to case involving injuries suffered incident to military service); *Chappell v. Wallace*, 462 U.S. 296 (1983) (refusing to extend *Bivens* to case involving racial discrimination by superiors in military)); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 742-43 (2020) (stating that the "expansion of *Bivens* is a disfavored judicial activity," that "it is doubtful" that the outcome of *Bivens* would be the same if it were decided today, and that "for almost 40 years, [the Supreme Court] ha[s] consistently rebuffed requests to add to the

claims allowed under *Bivens*." *Id.* at 472-73 (internal quotations marks and citations omitted)). In any event, as with her prior case, if Lee intended to bring some sort of due process claim, she has not plausibly done so. Accordingly, to the extent Lee's Complaint can be construed as alleging a claim under *Bivens*, any such claim will be dismissed with prejudice.

To the extent Lee's Complaint could be construed to bring claims under the Fair Housing Act, the Complaint also fails to state a plausible claim as currently pled. The Fair Housing Act ("FHA") prohibits discrimination on the basis of "race, color, religion, sex, familial status, or national origin" in a variety of real estate-related transactions. *See* 42 U.S.C. § 3604. "In 1988, Congress extended the Fair Housing Act to protect against discrimination on the basis of disability." *Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 104 (3d Cir. 2017) (citing *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 728 n.1 (1995); Fair Housing Amendments Act of 1988, Pub. L. No. 100–430, 102 Stat. 1619 (1988)).[4] With respect to §

---

[4] Lee does not refer to the FHA or cite a specific section of the Act, but based on her broad assertion that she was discriminated or retaliated against because of her disability, the Court construes the Complaint as attempting to assert a claim under § 3604(f) of the Fair Housing Act. In pertinent part, this sections provide as follows:

> it shall be unlawful—
> (f)
>    (1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of –
>       (A) that buyer or renter,
>       (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
>       (C) any person associated with that buyer or renter.
>    (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of –
>       (A) that person; or
>       (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
>       (C) any person associated with that person.

3604(f), "[a] plaintiff may bring a claim under the FHA for unlawful discriminatory housing practices under three legal theories: disparate treatment, disparate impact and failure to reasonably accommodate." *See Sharpvisions, Inc. v. Borough of Plum*, 475 F. Supp. 2d 514, 522 (W.D. Pa. 2007) (citing *Lapid–Laurel v. Zoning Board of Adjustment of the Township of Scotch Plains*, 284 F.3d 442, 448 (3d Cir. 2002)).

Upon review of the Complaint, Lee's conclusory allegations of discrimination or retaliation related to a disability fail to state a claim under the FHA as it appears that Lee is complaining of conduct not covered under § 3406(f).  Here, Lee's Complaint focuses almost exclusively on Lee's perception that HUD and its employees were unwilling to intervene on her behalf with the PHA or acted negligently in failing to investigate the PHA's alleged failure to investigate her complaints against her neighbors and peruse their eviction.  Lee does not allege an unlawful discriminatory housing practice by HUD or its employees as a result of her disability.  Rather, these claims appear to be based on Lee's assertion that the actions or inactions of HUD and its employees resulted in aggravation of Lee's already existing medical conditions.[5]  But those facts do not suggest a basis for a discrimination or retaliation claim, and her generalized, conclusory allegations of discrimination and retaliation are  on their own insufficient to state a plausible claim under the FHA.  To the extent Lee's Complaint sought to bring FHA claims, they will be dismissed with prejudice as amendment would be futile.

---

42 U.S.C.A. § 3604(f).

[5] Lee's Complaint does not set forth much detail regarding the nature of her medical conditions or how such conditions qualify as a disability for purposes of the FHA.  She simply notes that she suffers from hypertension, takes medication for her heart, and is awaiting an organ transplant, though she does not specify what type of transplant she needs.

Finally, the Court will deny Lee's Motion to Join Additional Defendants which seeks to name the PHA as a Defendant in this matter. The alleged basis for Lee's request is related to a discrete factual issue regarding an alleged debt she owes to the PHA and the effect that debt may have on her application for public housing. At this time, however, all of Lee's potential claims against the named Defendants have been dismissed, and those claims are factually and legally distinct from the issues related to this alleged debt. Accordingly, there is no basis for joining the PHA as a Defendant in the present action. *See* Fed. R. Civ. P. 20. Lee's Motion will be denied without prejudice to her right to raise any additional claims against the PHA with respect to the debt issue by way of a new and separate action.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Lee leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Lee's Motion to Join Additional Defendants is denied. An appropriate Order follows.

                                       **BY THE COURT:**

                                       **/s/ C. Darnell Jones, II**
                                       **C. Darnell Jones, II   J.**